UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEA K. RELLAS,

    Plaintiff,

v.                                            Case No: 2:18-cv-220-FtM-38CM

LEE COUNTY PORT
AUTHORITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Relief from Circuit Court Order Granting Defendant's Motion to Compel and Defendant Lee County Port Authority's ("LCPA") response in opposition. Docs. 25, 26. Plaintiff seeks to prevent a compulsory examination by Dr. Michael Shahnasarian, LCPA's vocational rehabilitation expert.[1] *See* Docs. 25, 25-2 at 1. For the reasons stated below, the motion is granted.

### I. Background

On April 4, 2018, this case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. Plaintiff's Second Amended Complaint alleges LCPA discriminated against her on the basis of her age in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et*

---

[1] According to Plaintiff, Dr. Shahnasarian also is a psychologist. Doc. 25 at 4.

*seq.* Doc. 2. Plaintiff alleges she was hired by LCPA as a human resources manager on October 30, 1997, and she met and exceeded LCPA's expectations throughout her employment. *Id.* ¶¶ 6-7. Nevertheless, on Mach 24, 2015, she was terminated from her position, and she subsequently was replaced by someone "significantly younger." *Id.* ¶¶ 13-14. Plaintiff claims her allegedly illegal termination resulted in "emotional pain and suffering, inconvenience, mental anguish, humiliation, embarrassment, outrage, damage to her reputation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries." *Id.* ¶ 15. She seeks, among other things, equitable relief including back pay, reinstatement or front pay in lieu of reinstatement, compensatory and liquidated damages, and attorney's fees. *Id.* at 4-5.

On May 23, 2018, the parties appeared for a Preliminary Pretrial Conference ("PPTC") before the Honorable Mac R. McCoy, United States Magistrate Judge. *See* Doc. 19. At the PPTC, counsel for Plaintiff indicated that an order entered by Circuit Judge Alane Laboda granting LCPA's motion to compel a medical examination of Plaintiff by Dr. Shahnasarian (the "State Court Order") was not binding on this Court. *See* Doc. 25 at 1; *see also* Doc. 25-1 at 1. Counsel for LCPA argued that the State Court Order was removed to this Court with the case, and she claimed LCPA was unaware of Plaintiff's intent to seek relief from the State Court Order. *See* Doc. 26 at 2. Given the expedited nature of the Case Management and Scheduling Order deadlines, the Court directed Plaintiff to file a motion seeking relief from the State Court Order on or before June 11, 2018. Doc. 22. Plaintiff timely filed a motion

seeking such relief, which the Court denied without prejudice for failure to comply with Middle District of Florida Local Rule 3.01(g). Docs. 23, 24. Plaintiff then filed the present motion, to which LCPA responded. Docs. 25, 26. The issue is now ripe for review.

II. Discussion

*a. Effect of the State Court Order*

Plaintiff argues this Court is not bound by the State Court Order because the "law of the case doctrine" does not apply to non-dispositive state court orders issued prior to removal. Doc. 25 at 2 (citing *Fabre v. Bank of Am, NA*, 523 F. App'x 661, 664 (11th Cir. 2013); *Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005)). LCPA's response advances no argument about the effect of the State Court Order on this proceeding, but at the PPTC, LCPA's counsel asserted the State Court Order was removed with the case and thus is still operative. *See generally* Doc. 26.

Under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in [a state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Because federal procedural law governs proceedings once they are removed to federal court, § 1450 recognizes the district court's authority to dissolve or modify orders issued by the state court prior to removal. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto. Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437-38 (1974) (citing *Ex Parte Fisk*, 113 U.S. 713, 725-26 (1885)); *see also Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988). Therefore, although the State Court Order

remains in full force and effect after removal, the Court has the authority to dissolve or modify it. *See, e.g.*, *McCarthy v. Sherwin-Williams Co.*, 2:05 CV 61-FTM 33SPC, 2005 WL 1244969, at *1 (M.D. Fla. May 13, 2005) (finding the federal district court had jurisdiction to reconsider, modify or affirm a state court's summary judgment order after removal). Accordingly, the Court will assess whether the previously compelled examination of Plaintiff meets the requirements of Rule 35 of the Federal Rules of Civil Procedure to determine if the State Court Order should be affirmed, modified or dissolved.

### b. Rule 35 Examination

Under Rule 35(a), a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Rule 35 further states that the order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B). Therefore, as an initial matter, the Court must conduct a "discriminating application" of Rule 35 to decide whether the party requesting the mental or physical examination has adequately demonstrated the Rule's "in controversy" and "good cause" requirements. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).

The pleadings alone may demonstrate that a plaintiff's mental or physical condition is in controversy if such condition is used in support of or in defense of a

claim; but if they do not, then the party seeking examination must affirmatively demonstrate that the plaintiff's mental or physical condition is in controversy. *See id.* at 119-20. Courts have found good cause supporting a mental examination when one or more of the following factors are present:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) allegations of a specific or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) the plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) the plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

*Trenary v. Busch Entm't Corp.*, No. 8:05-CV-1630-T-30-EAJ, 2006 WL 3333621, at *2 (M.D. Fla. Nov. 16, 2006). An allegation of damages for "emotional distress" does not in and of itself place an individual's mental condition in controversy for the purposes of Rule 35. *See Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 167-68 (M.D. Fla. 1995) ("A person with no 'mental condition' may still suffer emotional distress which is compensable.").

Here, Plaintiff alleges her mental condition is not in controversy because she has not made a claim for "unusually severe emotional distress" or alleged that LCPA's conduct caused or exacerbated any specific mental or psychiatric injury. Doc. 25 at 3. Rather, Plaintiff merely has alleged "garden variety emotional distress damages," which does not independently put Plaintiff's mental condition in controversy. *Id.* Plaintiff asserts her expert report by economist Joyce Eastridge, MBA, deals only with the subject of economic damages, not emotional distress damages. *Id.* at 4.

Plaintiff also argues the purported purpose of the examination by Dr. Shahnasarian—"to evaluate Plaintiff's ability to work, ability to obtain employment and the nature of work available to an individual with Plaintiff's experience and abilities"—is irrelevant because Plaintiff admits she has the ability to work and obtain employment, and Plaintiff's experience and abilities are undisputed facts. *Id.* at 4-5 (quoting Doc. 25-2 ¶ 11). Plaintiff recognizes that whether Plaintiff has mitigated her damages is a relevant issue in this case, but she argues a Rule 35 examination of Plaintiff is not necessary for Dr. Shahnasarian to offer testimony about whether Plaintiff has mitigated her damages. *Id.* at 5-6. Further, Plaintiff asserts Ms. Eastridge has not and will not offer opinions on Plaintiff's ability to work. *Id.* at 5 n.2.

LCPA does not argue that Plaintiff's mental condition is in controversy because she seeks emotional distress damages; rather, LCPA argues the pleadings indicate Plaintiff's employability is in controversy because Plaintiff's Second Amended Complaint implicitly asserted her ability to earn in the future was injured. *See* Doc. 26 at 4. According to LCPA, Plaintiff's claim for front pay as well as compensatory and future economic damages suggests that her "condition" was affected by LCPA such that she has no ability to obtain employment, which in turn led to LCPA asserting an affirmative defense of failure to adequately mitigate damages. *Id.*; *see also* Doc. 9 at 6. LCPA asserts Plaintiff's ability to obtain employment and her alleged failure to mitigate damages is "hotly contested" in this case, and Ms. Eastridge has offered opinions as to Plaintiff's economic damages based in part "on

the assumption that Plaintiff's condition is such that she has no ability to obtain employment." Doc. 26 at 4-5 (citing Doc. 26-2 at 5, 5 n.1, 11). Therefore, LCPA argues an examination of Plaintiff by Dr. Shahnasarian is "necessary for him to evaluate Plaintiff's abilities so that he may offer testimony regarding the availability of substantially equivalent employment, as this information is not available to him otherwise for purposes of formulating his opinions." *Id.* at 5-6.

The Court finds Plaintiff's mental condition, or her ability to work or obtain work, is not in controversy, and therefore no good cause exists for a Rule 35 examination of Plaintiff. First, the pleadings do not put Plaintiff's ability to obtain employment in controversy merely because Plaintiff seeks front pay damages. Front pay is a remedy available in age discrimination cases where reinstatement would not be feasible; the defendant mentally or physically injuring the plaintiff to the point where she can no longer work is not a prerequisite to an award for such damages. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349-50 (11th Cir. 2000) (affirming award of front pay damages for age discrimination plaintiff despite no reference to any alleged injury preventing plaintiff from obtaining work). The Second Amended Complaint contains no allegations that Plaintiff's employability has been affected by any injury caused by LCPA. *Compare* Doc. 2 *with Ronco v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-cv-1238-J-JRK, 2015 WL 13567351, at \*1 (M.D. Fla. Aug. 7, 2015) (finding plaintiff placed her physical condition in controversy by alleging in complaint that defendant's negligence caused her to suffer permanent bodily injury and a resulting loss of earning capacity).

Further, the Court is persuaded by various courts' decisions that asserting an affirmative defense of failure to adequately mitigate damages is insufficient to put a plaintiff's ability to work into controversy for the purposes of Rule 35. For example, in *Acosta v. Tenneco Oil Company*, the Fifth Circuit considered whether a plaintiff alleging age discrimination under ADEA should be subject to a Rule 35 examination by a vocational rehabilitation expert. 913 F.2d 205, 208-09 (5th Cir. 1990). The court determined that although the defendant's failure to mitigate defense placed into issue "the availability of comparable employment and the reasonableness of [the plaintiff]'s efforts to obtain comparable employment," the defense itself did not place the plaintiff's mental or physical condition in controversy. *Id.* at 209. Also, in *Sheehan v. City of Markham*, a district court in Illinois examined whether a plaintiff alleging racial discrimination should be subject to a Rule 35 examination by a vocational rehabilitation expert. 282 F.R.D. 428, 429-30 (N.D. Ill. 2012). The court found that although plaintiff had put his ability to find "comparable, suitable employment" at issue, he had not placed his physical or mental condition in controversy because he had not alleged that he could not work or that "his inability to find employment stem[med] from some disabling physical and mental condition." *Id.* (internal quotation marks omitted). Likewise, here, although the extent to which Plaintiff has adequately mitigated her damages is at issue, her pleadings have not placed her physical or mental condition in controversy because she never alleged that she would be unable to obtain work due to some condition. *See generally* Doc. 2. Permitting a Rule 35 examination whenever a plaintiff's mitigation of damages is at

issue "would sanction a mental examination in every age discrimination case." *See Acosta*, 913 F.2d at 209.

The Court further finds LCPA has failed to demonstrate that Plaintiff's physical or mental condition or ability to work are in controversy. *See Schlagenhauf*, 379 U.S. at 119-20. LCPA's reliance on Ms. Eastridge's report is inapposite because the report does not suggest Plaintiff has any conditions that prevent her from being able to obtain employment. *See generally* Docs. 2, 25-3. The Court interprets Ms. Eastridge's references to Plaintiff's lack of job prospects as merely communicating that the numbers supporting her damages calculations were based on Plaintiff's current unemployment, not as asserting that Plaintiff is unemployable. *See* Doc. 25-3 at 5, 5 n.1, 11. Indeed, Plaintiff plainly states she has the ability to work, she has the ability to obtain employment, and she is actively seeking employment, and Ms. Eastridge's report indicates such. *See* Doc. 25 at 5; *see also* Doc. 25-3 at 5 n.1 ("Presently Ms. Rellas is not employed and does not have any job prospects. *If this should change prior to the scheduled trial in July 2018, this calculation would require modification* . . . . (emphasis added)), 11 (virtually same). Therefore, an examination by Dr. Shahnasarian is not necessary to determine Plaintiff's ability to work or obtain employment because her condition and employability are not in controversy for the purposes of Rule 35. *Compare Sheehan*, 282 F.R.D. at 429-30 (finding no good cause for Rule 35 examination by vocational rehabilitation expert where plaintiff's mental or physical condition was not in controversy because plaintiff did not claim his inability to find work stemmed from any physical or mental condition), *with Sharp v.*

*Paul Revere Life Ins. Co.*, No. 8:12-CV-1221-T-24-EAJ, 2013 WL 12170577, at *1 (M.D. Fla. Feb. 7, 2013) (finding good cause for Rule 35 examination by vocational rehabilitation expert Dr. Shahnasarian where plaintiff put his employability in controversy by claiming total disability from performing the duties of his occupation due to his mental conditions).

Further, the discovery period is still open in this case, so LCPA has ample opportunity through depositions and other discovery to seek information about Plaintiff's skills, abilities, experience and job search, if it has not already,[2] so that Dr. Shahnasarian can opine about Plaintiff's employability and attempts to mitigate damages without examining her. *See Hubbard v. Tyco Integrated Cable Sys., Inc.*, No. 10-cv-365-LM, 2013 WL 1558695, at *2 (D.N.H. Apr. 12, 2013) (finding no good cause for Rule 35 examination by vocational expert to determine Plaintiff's mitigation efforts because "[d]efendant's expert [had] multiple other sources of discovery from which to draw conclusions about plaintiff's ability to work during the relevant time"); *Twigg v. Pilgrim's Pride Corp.*, No. 3:05CV40, 2006 WL 2100322, at *2 (N.D. W. Va. July 26, 2006) (finding no good cause for Rule 35 examination by vocational expert to assess plaintiff's "ability and efforts to work in an effort to mitigate damages" where defendant had access to discovery regarding plaintiff's educational background, work experience and job-seeking efforts); *see also Sheehan*, 282 F.R.D. at 431 ("It is important to note that the same information sought by the requested examination in

---

[2] The Court notes that during the PPTC, the parties represented that they underwent significant discovery in the state court proceeding prior to removal.

this case could have been obtained from the plaintiff during his deposition and could serve as the basis for the expert's testimony.").

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Relief from Circuit Court Order Granting Defendant's Motion to Compel (Doc. 25) is **GRANTED**, and the State Court Order is dissolved.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of July, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record